## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ENERGY & ENVIRONMENT LEGAL INSTITUTE | ) | |
| 722 12th St., NW, 4th Floor | ) | |
| Washington, D.C. 20005 | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17 - 1452 |
| | ) | |
| UNITED STATES DEPARTMENT OF HEALTH | ) | |
| AND HUMAN SERVICES | ) | |
| 200 Independence Avenue, S.W. | ) | |
| Washington, D.C. 20201 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal")  for its complaint

against Defendant UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES

("the Department" or "HHS"), alleges as follows:

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to

    compel production of records in response to two FOIA requests to the National Institute

    for Environmental Health Sciences, a component of the Department of Health and

    Human Services.

2.  HHS has improperly denied the requests by failing to respond to either request in

    accordance with *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d

    180 (D.C. Cir. 2013).

1

3.  Plaintiff requested fee waiver as provided by FOIA, due to the public interest in the information the records address and, expressly in the alternative, the media and educational status of each requester.

4.  Plaintiff has been granted fee waivers by federal agencies because it is a media outlet, and has received fee waivers by federal agencies on the very same substantive issue for reasons of the public interest at issue.

5.  HHS has not acknowledged receipt of plaintiffs' requests, and so has not responded or granted the requests for a fee waiver both made for reasons of public interest and in the alternative due to its status as media outlets.

6.  HHS has not estimated the volume of responsive records, or the FOIA exemptions which might apply to such records, or the timeframe during which plaintiff could expect a response.

7.  HHS therefore has failed to properly respond to the plaintiff's requests.

8.  Accordingly, plaintiff file this lawsuit to compel the HHS to comply with the law and produce the properly described public records in these FOIA requests.

## PARTIES

9.  Plaintiff Energy & Environment Legal Institute ("E&E Legal") is a nonprofit research, public policy and public interest litigation center incorporated in Virginia, with offices in Washington, DC.  E&E Legal is dedicated to advancing responsible regulation and, in particular, economically sustainable environmental and energy policy.  E&E Legal's programs include analysis, publication, and a transparency initiative seeking public

records relating to environmental and energy policy and how policymakers use public resources.

10. Defendant HHS is a federal agency headquartered in Washington, DC with constituent agencies including the National Institutes of Health Sciences (NIEHS).

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this brought in the District of Columbia, and because plaintiffs and the defendant all maintain offices in the District. Furthermore, jurisdiction is proper under 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

12. Venue in this court is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because FOIA grants the District Court of the District of Columbia jurisdiction, and because defendant is a federal agency.

## FACTUAL BACKGROUND

13. In its May 30, 2017 request for public records sent by electronic mail to stockton@niehs.nih.gov, plaintiffs sought seven specific documents identified by date and parties to the respective letter/proposal/agreement.[1]

14. In their June 9, 2017 request for public records sent by electronic mail to stockton@niehs.nih.gov, plaintiffs sought one specific, identified NIEHS Agreement/ Contract as well as any attachments (Contract/Agreement "291-2005-55535 with the Ramazzini Institute, also known as the B. Ramazzini Foundation, European Foundation

---

[1] See Exhibit 1, May 30 FOIA request, for the full list of specific documents sought.

of Oncology and Environmental Sciences "B.Ramazzini," Ramazzini Foundation, European Foundation of Oncology and Environmental Sciences, and Bernardino Ramazzini National Institute for the Study and Control of Tumors and Environmental Diseases")[2].

### Defendant's Reply and Subsequent Proceedings

15. Defendant owed a substantive response to plaintiff's within 20 working days from each request, or on or before June 28, 2017, and July 10, 2017, respectively, which it has failed to provide, in violation of the statutory time limit.

16. HHS has provided no records, substantive response or indeed response of any kind. It has failed to acknowledge either request, to provide a schedule of production and what exemptions it might claim under FOIA, or otherwise comply with FOIA's requirements within that 20-day timeframe(s). *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013).

17. By failing to respond to plaintiff's requests in the required time in violation of statutory deadlines, as well as declining to respond to plaintiffs' requests for fee waiver in the alternative, defendant has also waived any ability to now seek fees.

18. Plaintiff has constructively and actually exhausted the administrative process as regards these requests, both because of HHS's failure to abide by FOIA's statutory deadlines, and because HHS has not properly advised plaintiff of the finality of its decisions or any relevant appellate rights.

### ARGUMENTS

_____

[2] See Exhibit 2, June 9 FOIA request.

19. Transparency in government is the subject of high-profile executive branch promises arguing forcefully against agencies failing to live up to their legal record-keeping and disclosure obligations.

20. Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

21. U.S. Code 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II).  In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.  HHS did not seek additional information from plaintiffs regarding the requests at issue in this suit.

22. In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) this Court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies

that do not act in good faith or otherwise fail to comport with FOIA's requirements. See

S. Rep. No. 110-59.  To underscore Congress's belief in the importance of the statutory

time limit, the 2007 Amendments declare that '[a]n agency shall not assess search

fees… if the agency fails to comply with a*ny time limit'* of FOIA" (*emphasis added*).

23. Defendant HHS owes plaintiff records responsive to the requests at issue in this suit,

    which request reasonably described the information sought and were otherwise filed in

    compliance with applicable law, subject to legitimate withholdings, and has failed to

    provide responsive records or any substantive response in violation of statutory

    deadlines.

24. Further, should the HHS cross-complain or otherwise argue that its failure to perform is

    because it is due fees, plaintiffs note that defendant has waived fees and/or waived its

    ability to assess fees under § 552(a)(4)(A)(viii) by failing to substantively respond to

    plaintiffs within the statutory deadline(s).  The HHS, therefore, has waived all fees and

    must produce the requested documents as required by law.

### FIRST CLAIM FOR RELIEF
#### Seeking Declaratory Judgment

25. Plaintiff re-alleges paragraphs 1-24 as if fully set out herein.

26. Plaintiff has sought and been denied production of responsive records reflecting the

    conduct of official business, because defendant has failed to substantively respond

    pursuant to *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180

    (D.C. Cir. 2013).

27. Plaintiff asks this Court to enter a judgment declaring that:

a. The HHS records as specifically described in plaintiffs' FOIA requests described, *supra*, are subject to release under FOIA;

b. The HHS must release those requested records or segregable portions thereof subject to legitimate exemptions;

c. The HHS may not assess or seek costs and fees for the request at issue in this case, as plaintiffs are entitled to a waiver of their fees.

## SECOND CLAIM FOR RELIEF
### Seeking Injunctive Relief

28. Plaintiff re-alleges paragraphs 1-27 as if fully set out herein.

29. Plaintiff is entitled to injunctive relief compelling defendant to produce all records in its possession responsive to plaintiffs' FOIA requests, without fees, subject to legitimate withholdings.

30. Plaintiff asks the Court to order the defendant to produce to plaintiffs, within 10 business days of the date of the order, the requested records described in plaintiffs' FOIA requests, subject to legitimate withholdings.

31. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiffs receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiffs' challenges to defendant's withholds and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

32. Plaintiff re-alleges paragraphs 1-31 as if fully set out herein.

33. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

34. Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA requests at issue in this case.

35. Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.


WHEREFORE, Plaintiff request the declaratory and injunctive relief herein sought, and an award for their attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this 21st day of July, 2017,

_____/s/_____
Chaim Mandelbaum,
D.D.C. Bar No. VA86199
726 N. Nelson St, Suite 9
Arlington, VA 22203
703-577-9973
chaim12@gmail.com
*Counsel for Plaintiff*